# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

KEITH BATTLE,

Plaintiff,

v.

Case No. 16-cv-01110 (CRC)

MASTER SECURITY COMPANY, LLC,

Defendant.

## MEMORANDUM OPINION

This matter is before the Court on the defendant's motion to dismiss the plaintiff's second amended complaint. For the reasons that follow, the Court will grant the motion.

### I. Background

After being terminated from his position as a security guard in January 2015, *pro se* plaintiff Keith Battle filed suit against his former employer, Master Security Company, LLC. Finding that Battle's initial complaint—which enumerated seven counts without description—did not give Master Security fair notice of the content of his claims, the Court granted him leave to file an amended complaint.

Battle's second amended complaint (ECF No. 14) provides a paragraph-long explanation of each claim and attaches several exhibits. It alleges as follows:

(1) Wrongful Termination
(2) Retaliation
(3) Equal Pay Act
(4) Deceived and Willfully Obstructed from Competing [sic] Employment
(5) Took Personnel Action Because of Exercise of Complaint and Grievance

2d Am. Compl. at 1.[1]

Master Security has moved to dismiss this case under Federal Rule of Civil Procedure 12(b)(6) on the ground that the second amended complaint fails to state a claim upon which relief can be granted.[2]

## II.  Legal Standards

The Court will grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) if the allegations in the complaint do not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 57 (2007)).  A claim is facially plausible if the complaint provides "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  While the court "must take all of the factual allegations in the complaint as true," legal conclusions "couched as . . . factual allegation[s]" do not warrant the same deference.  Id. (citing Twombly, 550 U.S. at 555).  Generally, the Court cannot consider matters outside the pleadings in deciding a Rule 12(b)(6) motion, but it may consider "documents attached as exhibits or incorporated by

---

[1]  The Court treats Battle's "Memorandum of Points, Authorities in Support of Opposition AMENDED COMPLAINT," with its attachments (ECF No. 14) as Battle's second amended complaint.  The Court declines Master Security's suggestion, see Def.'s Mem. at 4 n.1, to strike the second amended complaint pursuant to Federal Rule of Civil Procedure 11(a) because Battle failed to sign it.  The document's first two pages are identical to the amended complaint (ECF No. 10), which Battle did sign.  The Court also construes the sixth and seventh of counts of Battle's second amended complaint, respectively, as a demand for a jury trial and for damages.

[2]  Also before the Court is Battle's "Motions to Amended Pleadings" (ECF No. 17).  The Court will deny the motion, and instead will construe it as Battle's opposition to Defendant's motion to dismiss.

reference in the complaint." <u>Ward v. District of Columbia Dep't of Youth Rehab. Servs.</u>, 768 F. Supp. 2d 117, 119 (D.D.C. 2011).

"A document filed *pro se* is to be liberally construed . . . , and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (per curiam). Further, a *pro se* plaintiff's pleadings must be "considered *in toto*" to determine whether they "set out allegations sufficient to survive dismissal." <u>Brown v. Whole Foods Mkt. Group, Inc.</u>, 789 F.3d 146, 151 (D.C. Cir. 2015).

## III. Analysis

### A. <u>Unlawful Retaliation Claims</u>

While Battle does not specify a source of law for his retaliation claim, Counts 2 and 5 of Battle's second amended complaint are best understood as claims under Title VII of the Civil Rights Act of 1964. Title VII prohibits employers from discriminating against an employee "because he has opposed any practice made an unlawful employment practice by this subchapter," 42 U.S.C. § 2000e-3(a) (opposition clause), "or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter," <u>id.</u> (participation clause); <u>see</u> <u>Crawford v. Metro. Gov't of Nashville & Davidson Cty.</u>, 555 U.S. 271, 274 (2009) (describing the two clauses of Title VII's antiretaliation provision). A claim under either the opposition or participation clause is viable only if the plaintiff shows he "engaged in a statutorily protected activity, the employer treated [him] adversely, and a causal connection existed between the two." <u>Winston v. Clough,</u> 712 F. Supp. 2d 1, 11 (D.D.C. 2010) (citations omitted). "[S]tatutorily protected activities include the filing of EEOC complaints and the initiation of litigation to vindicate claims of employment

discrimination or retaliation." Baloch v. Norton, 517 F. Supp. 2d 345, 354 (D.D.C. 2007) (citations omitted). Internal complaints can also suffice, but they "must in some way allege unlawful discrimination, not just frustrated ambition." Broderick v. Donaldson, 437 F.3d 1226, 1232 (D.C. Cir. 2006).

While Battle identifies no specific instances of protected activity in his complaint, the exhibits attached to his original complaint include an Equal Employment Opportunity Commission ("EEOC") dismissal of his administrative employment charge. See Compl. at 9 (ECF No. 1). Such a charge clearly would qualify as protected activity, but the mere fact that Battle filed an EEOC complaint does not support a retaliation claim. "Title VII retaliation claims require proof that the desire to retaliate was the but-for cause of the challenged employment action." Univ. of Tex. Sw. Med. Ctr. v. Nassar, 133 S. Ct. 2517, 2528 (2013) (citation omitted). And Battle has not plausibly alleged any link between the EEOC complaint and his termination. Indeed, because he makes no reference to the EEOC complaint in his pleadings, and because the complaint itself (as opposed to its dismissal) is nowhere in the pleadings or attachments, it is not even clear that the complaint was filed before his termination on January 15, 2015. Thus, Battle's EEOC complaint cannot serve as the basis for his retaliation claim.

Battle also alleges that Master Security made retaliatory statements and caused him a "stressful working environment" because he expressed concerns internally about the company's "wrongful procedures." His exhibits contain a March 14, 2013 "Statement of Record" sent to Kristine Nichols, a Senior Vice President at Master Security, regarding his "interactions with Mr. Calvin Hersey, regarding [his] work, pay discrepancies[,] renewal of certifications," and "many episodes of harassment, deterrence and unfair labor practices" he had experienced. Id. Ex. B. A second memorandum, dated January 15, 2015, describes an incident that resulted in disciplinary

action against Battle, but not against other employees on that shift who also committed infractions. Id. Ex. B, at 16. To be sure, these statements aired what may have been legitimate workplace grievances. But because neither statement references any discrimination that would be unlawful under Title VII, neither amounts to protected activity.[3] See Broderick, 437 F.3d at 1232.

Battle also includes as an exhibit an undated email chronicling events where he believed he was being harassed. 2d Am. Compl. Ex. B, at 4. Even assuming the described incidents amounted to unlawful discrimination, however, it is clear that the email was sent after Battle's termination, as he refers to the incidents retrospectively, "prior to [his] departure." Id.

Thus, because Battle has not pointed to any protected activity that may have served as the basis for his termination, he has not plausibly stated a claim for unlawful retaliation in violation of Title VII.

B. Equal Pay Act Claim

Battle next claims that Master Security violated the Equal Pay Act by consistently paying him less than his counterparts at a given job site. He refers to a third set of exhibits which purportedly show a discrepancy between his pay and that of another employee. See id. Ex. B at 20–21.

Battle has not stated a claim under the Equal Pay Act, 29 U.S.C. § 206(d). It is well established that the Act "applies only to pay disparities stemming from sex

---

[3] Given that Battle's March 2013 statement mentions "unfair labor practices" and "pay discrepancies," it is *theoretically* possible that he could state a claim under a federal employment statute that protects against retaliation for complaints based on workplace conditions or pay—for example, the Fair Labor Standards Act, 29 U.S.C. § 215(a)(3). But Battle invokes no such statute in his complaint or exhibits, and his statement does not refer to any incidents that on their face give rise to a plausible retaliation claim.

discrimination."  <u>Kangethe v. District of Columbia</u>, 953 F. Supp. 2d 194, 203 (D.D.C. 2013);

<u>see also</u> <u>Corning Glass Works v. Brennan</u>, 417 U.S. 188, 190 (1974) (explaining that the Act

imposes "the principle of equal pay for equal work regardless of sex").  None of Battle's

submissions mentions a discrepancy in pay because of his sex.  The claim therefore must be

dismissed.

    C.  <u>Counts 4 and 5</u>

In a count titled "Deceived and Willfully Obstructed From Competing . . . Employment,"

Battle alleges that Master Security kept him from maintaining his Lieutenant status and

preventing him from obtaining promotions.  2d Am. Compl. at 2.  The legal basis for this claim

is not clear from the complaint or the attached exhibits.  Thus, as drafted, Count 4 simply is too

vague to withstand a Rule 12(b)(6) motion.  Similarly, to the extent that Count 5—titled "Took

Personnel Action Because of Exercise of Complaint and Grievance"—is a claim independent

from Battle's claims for retaliation and for equal pay, it does not state any legal theory under

which the Court could grant relief.

    D.  <u>Wrongful Termination Claim</u>

Finally, Battle alleges "wrongful termination" based on his January 2015 firing.  He does

not specify a source of law for this claim, but it is evident from his attached exhibits—and from

the fact that he alleges no discriminatory reason for the discharge—that he views this as a claim

arising under District of Columbia employment law.  <u>See</u> 2d Am. Compl. Ex. A (containing D.C.

unemployment compensation decision).  Master Security in its motion to dismiss takes the same

view.

Because nothing in the pleadings or exhibits suggests diversity of the parties,[4] the Court could decide Battle's District-law claim only if it exercised supplemental jurisdiction over it. See 28 U.S.C. § 1367; id. § 1366 (clarifying that claims arising under District of Columbia law do not fall within federal original jurisdiction). And with the Court having dismissed Battle's federal claims, the proper course is to dismiss his District-law claim as well. See 28 U.S.C. § 1367(c)(3) (allowing district court to decline supplemental jurisdiction if the Court "has dismissed all claims over which it has original jurisdiction"); see also United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial . . . the state claims should be dismissed as well.").

IV.    **Conclusion**

The Court concludes that Battle's second amended complaint fails to state any federal-law claims upon which relief can be granted. And, having dismissed Battle's federal claims, it declines to exercise supplemental jurisdiction over his claim for wrongful termination, which arises under District of Columbia law. The Court will therefore dismiss this case. A separate Order accompanies this memorandum opinion.


_____
CHRISTOPHER R. COOPER
United States District Judge


Date:   February 9, 2018

---

[4] The complaint and the attached EEOC dismissal indicate that Battle and Master Security are both Maryland residents. See Compl. at 1, 9 (ECF No. 1).